IN THE UNITED STATES DISTRICT COURT OF
THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

ANNETTE M. AUBREY,

        Plaintiff,

v.

WARDLAW CLAIMS,

        Defendant.

Case No. 6:18=CV=00643-ADA-DTG

**PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS**

TO THE HONORABLE JUDGE OF SAID COURT:

    Defendant Wardlaw Claim Services LLC ("Wardlaw Claims" or "Defendant") filed their "Reply In Support Of Its Motion To Dismiss Under Rules 12(b)(4), 12(b)(5), and 12(b)(6) on October 23, 2023 to the Amended Response to Defendant's Motion to Dismiss pursuant to Rules 12(b)(4), 12(b)(5), and 12(b)(6) ("Response") on October 17, 2023 filed by Annette Aubrey("Aubrey" or "Plaintiff").

1

I. **LAW AND ARGUEMT**

A. **AUBREY FAILED TO ADDRESS OR CURE PLEADING DEFICIENCIES TO AVOID DISMISSAL UNDER 12(B)(6)**

While plaintiffs bear the burden of proving that the Court has jurisdiction to hear their claims, on a motion to dismiss, plaintiffs "need only 'state[] a plausible claim' that each element of standing is satisfied." *Hancock v. Urban Outfitters, Inc.*, 830 F.3d 511, 513 (D.C. Cir. 2016) (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)). In evaluating a motion to dismiss, courts review the complaint liberally and grant plaintiffs the benefit of all inferences that can be derived from the facts alleged. *Barr v. Clinton,* 370 F.3d 1196, 1199 (D.C. Cir. 2004). For purposes of the Rule 12(b)(1-6) motion, the Court "may consider materials outside the pleadings." *Jerome Stevens Pharms., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005).

"To survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citation omitted). The Court "must take all of the factual allegations in the complaint as true," *id.*, and "constru[e] the complaint liberally in the plaintiff's favor." *Stewart v. Nat'l Educ. Ass'n*, 471 F.3d 169, 173 (D.C. Cir. 2006). For a Rule 12(b)(6) motion, the Court may only "consider the facts alleged in the complaint, documents attached thereto or incorporated therein, and matters of which it may take judicial notice." *Id.*

A motion to dismiss under Rule 12(b)(6) should be granted *only* if it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief. *Conley v. Gibson*, 335 U.S. 41, 48 (1957) (emphasis added); *see also* Fed. R. Civ. P. 12(b)(6); *Bell Atlantic Corp v. Twombly*, 550 U.S. 540, 570 (2007). A motion under Rule

2

12(b)(6) merely tests the legal sufficiency of a complaint, requiring a court to construe the complaint liberally, assume all facts as true, and draw all reasonable inferences in favor of the plaintiff.  *Twombly*, 550 U.S. at 556-57.  A complaint should never be dismissed because the court is doubtful that the plaintiff will be able to prove all of the factual allegations contained therein.  *Id*.

    a.  **The Complaint fails to allege sufficient facts to demonstrate that Plaintiff is disabled as defined by the Americans with Disabilities Act ("ADA").**

Defendant claims that Aubrey must prove that (1) she has a "disability" under ADA.  According to ADA, an individual is considered to have a disability if she has a physical or mental impairment that substantially limits a major life activity, has a record of such an impairment, or is regarded as having such an impairment.  Aubrey has presented to the defendant and this Court documentation addressing her disabilities and injuries caused by the defendant (See Attachment 1).

Defendant also stated that Aubrey (2) must prove she was a "qualified" individual, capable of performing the essential functions of her position with or without a reasonable accommodation.  A qualified individual with a disability has the skills, experience education and other requirements of the job the individual holds or desires, and can perform the essential functions of the position with or without reasonable accommodation.  Unfortunately here, Aubrey requested opportunities to continue perform her duties through a series or emails and was told that the company could not accommodate although later, Aubrey found out that this was untrue (See Attachment 2 email discussions).

Finally, defendant states that Aubrey (3)must prove that her employer terminated her employment or took some other adverse action against her because of her disability.  Through

a series of emails, Aubrey will be able to show that there was a meeting terminating her employment without Aubrey's knowledge and was "covered up" by the employer after Aubrey provided the employer with medical documentation from her medical provider directly to the employer. The documentation provided to the employer that Aubrey suffered from Transient Ischemic Attack which greatly affected her "major life activities" such as sleeping, walking, standing and most importantly working (Attachment 2 emails).

Here, Aubrey has provided the defendant sufficient factual matter to state a claim to relief that is plausible on its face and as a matter of law, demonstrated that she is disabled and can assert a claim upon which relief can be granted.

b. **Aubrey fails to allege sufficient facts to demonstrate that she could perform the essential functions of her job, and thus cannot establish a claim for failure to accommodate a purported disability.**

Defendant states that to survive a 12(b)(6) Motion to Dismiss, a Plaintiff has to allege facts sufficient to plausibly suggest that "(I) the employer is covered by the statute; (2) she is an individual with a disability [under the ADA]; (3) she can perform the essential functions of the job with or without reasonable accommodation; and (4) the employer had notice of the disability and failed to provide accommodation." In addition, an employer is not required to create 'light duty' jobs to accommodate an individual. ("Nor is the [employer] required to find . . . a new job for [plaintiff]...."). A request for light duty may be reasonable if a position clearly exists and is vacant.

Aubrey not only satisfied the 4-prong test to sufficiently allege facts that her employer violated the ADA but she also can show through a series of emails that there was a vacant position that she requested but was denied as the position was given to a co-worker.

4

Also, defendant claims that Aubrey failed to plead what her job duties were and how she could have continued to perform those duties with reasonable accommodations. Aubrey's role and duties was that she was an independent adjuster that handled auto claims by inputting information in the laptop and determining a quote on an auto claim. This position would have allowed Aubrey to work from home if she had the company laptop accessible (See Attachment 2). The position clearly existed but we believe that the employer had other plans and was to terminate Aubrey because of the disability she suffered from the job.

### B. PLAINTIFF FAILED TO COMPLY WITH FRCP RULES 12(B)(4) AND 12(B)(5)

Finally, Defendant claims that Aubrey failed to comply with Rule 12(b)(4) and Rule 12(b)(5). A challenge under Rule 12(b)(4) is used when the summons and complaint fail to name the proper party in the summons and complaint. A Rule 12(b)(5) motion is used to challenge a proper summons and complaint that is served to the wrong party.

An objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service. Technically therefore, a Rule 12(b)(4) motion is proper only to challenge noncompliance with the provisions of Rule 4 (b) or any applicable provision of incorporated by Rule 4(b) that deals specifically with the content of the summons.

An objection under Rule 12(b)(5) challenges only the service of the pleadings and not the contents. An appropriate objection would be the nonreceipt by the defendant of a summons, the absence of an agency relationship between the recipient of process and the defendant, a lack of notice to the defendant when service is delivered to a third party under a federal or state statute, or any other failure to comply with the procedural requirements in the applicable service provisions.

Aubrey originally filed this lawsuit and named the defendant as Wardlaw Claims, however, Wardlaw Claims Service LLC eventually responded as Wardlaw Claims operates

under the "umbrella" of Wardlaw Claims Service LLC.  Aubrey is asking the Court not dismiss this case simply because Wardlaw has multiple aliases but would ask this Court to consider Aubrey to re-serve the defendant or amend the petition and consider costs and delays to both sides when deciding whether to challenge service if the defect is curable.

## II CONCLUSION AND PRAYER

For these reasons, the Motion To Dismiss should be denied.

Respectfully Submitted,

*/s/Don Guidry*
**DON GUIDRY**
State Bar No.: 24057878
2201 Main Street, Suite 1008
Dallas, Texas 75201
Telephone: (972) 762-0883
Facsimile: (214) 853-4261
donguidrylaw@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on Jnurary 9, 2024 I caused a true and correct copy of the foregoing documents to be served upon all counsel of record registered with the Court's ECF system, by electronic service via the Court's ECF transmission facilities.

Respectfully submitted,

*/s/Don Guidry*
**DON GUIDRY**
State Bar No.: 24057878
2201 Main Street, Suite 1008
Dallas, Texas 75201
Telephone: (972) 762-0883
Facsimile: (214) 853-4261
donguidrylaw@gmail.com