**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **ANNETTE MARIE AUBREY** | § | |
| *Plaintiff,* | § | |
| | § | **CIVIL ACTION NO.** |
| *v.* | § | **6:19-CV-00643-ADA-DTG** |
| | § | |
| **WARDLAW CLAIMS** | § | |
| *Defendant.* | § | |
| | § | |
| | § | |

**REPORT AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

TO:   **THE HONORABLE ALAN D ALBRIGHT,**
       **UNITED STATES DISTRICT JUDGE**

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(d) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is Defendant's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(4), (5), and (6), and, in the Alternative, Motion for a More Definite Statement (ECF No. 27). After careful consideration of the briefs, arguments of counsel, and the applicable law, the Court **RECOMMENDS** that Defendant's Motion pursuant to Rule 12(b)(6) be **GRANTED** and Plaintiff's Amended Complaint be **DISMISSED WITHOUT PREJUDICE** and with leave to file a Second Amended Complaint within fourteen (14) days of any Order adopting this Report & Recommendation.

## I.    FACTUAL BACKGROUND

Plaintiff Annette Marie Aubrey, proceeding *pro se*, filed this lawsuit alleging disability discrimination against "Wardlaw Claims." ECF No. 3. Defendant Wardlaw Claims was served by the U.S. Marshals on May 1, 2020. ECF No. 15. Defendant did not answer or otherwise respond,

1

and upon Plaintiff's motion, the Clerk entered Default as to Defendant on August 19, 2022. ECF No. 19. Plaintiff subsequently filed a Motion for Default Judgment. ECF No. 20. The Court held a hearing on Plaintiff's Motion for Default Judgment via Zoom on October 4, 2022. ECF No. 21.

At the hearing, the Court recommended that Plaintiff's Motion be denied and that Plaintiff's Complaint be dismissed without prejudice with leave to amend on or before November 4, 2022. A Report and Recommendation containing the ruling was entered on October 4, 2022 (ECF No. 23) and adopted on October 25, 2022 (ECF No. 24).

Still proceeding *pro se*, Plaintiff filed her Amended Complaint on November 18, 2022. ECF No. 26. WCS Services, LLC (claiming to be improperly identified as "Wardlaw Claims") filed a Motion to Dismiss on December 13, 2022.  ECF No. 27. Plaintiff filed a Response to Defendant's Motion to Dismiss on December 27, 2022. ECF No. 33. Almost one year later, Plaintiff filed an Amended Response in Opposition to Defendant's Motion to Dismiss. ECF No. 42. Defendant filed a Reply in Support of its Motion to Dismiss on October 23, 2023. ECF No. 43. Plaintiff then moved for an extension of time to seek legal counsel and file a second response to Defendant's Motion to Dismiss. ECF No. 44.

Donald J. Guidry, Esq., appeared on behalf of Plaintiff on January 2, 2024. Mr. Guidry, on behalf of Plaintiff, then promptly filed a new Response in Opposition to Defendant's Motion to Dismiss. ECF No. 47. Defendant then filed a Sur-Reply in Support of its Motion to Dismiss on January 16, 2024. ECF No. 48. Having all briefing before it, the Court heard oral arguments on August 16, 2024.

## II.   LEGAL STANDARD

Rule 12(b)(6) requires that a complaint contain sufficient factual matter, if accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this factual plausibility standard, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," based on "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. However, in resolving a motion to dismiss for failure to state a claim, the question is "not whether [the plaintiff] will ultimately prevail, . . . but whether [the] complaint was sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011). "The court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Iqbal*, 556 U.S. at 678).

### III.    DISCUSSION

Defendant argues that Plaintiff has failed to adequately plead any of the elements for a discrimination claim. To plead a prima facie case for discrimination under the Americans with Disabilities Act ("ADA"), Plaintiff must show (1) that she was disabled or was regarded by Defendant as disabled; (2) that she was qualified for her position; (3) that she was subjected to an adverse employment action on account of her disability; and (4) that she was replaced by, or treated less favorably than, non-disabled employees. *McInnis v. Alamo Cmty. Coll. Dist.*, 207 F.3d 279-80 (5th Cir. 2000).

Because the Court agrees that Plaintiff has not adequately plead that she was subjected to an adverse employment action on account of any alleged disability, the Court does not analyze the remaining elements. Plaintiff's Amended Complaint is merely her Original Complaint with additional attachments. *Compare* ECF No. 26 *with* ECF No. 3. For example, Plaintiff attaches a

summary of a March 27, 2017, medical appointment and a September 18, 2018 letter from the Social Security Administration describing Plaintiff's benefits. ECF No. 26 at 9-14. But none of these documents describe any of Plaintiff's employer's actions. There are no factual allegations showing that Plaintiff's employer failed to accommodate a disability. Just as the Court determined with regard to the Original Complaint, Plaintiff's Amended Complaint lacks a sufficient description of "the interactions with Defendant that ultimately led to the termination." ECF No. 23 at 3.

The status of Plaintiff's representation has also changed since the filing of the Amended Complaint. Plaintiff filed her Amended Complaint while proceeding *pro se*. "[P]ro se complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). Plaintiff's circumstances have since changed, as Mr. Guidry has appeared on behalf of Plaintiff. The Court has also been advised that the Parties privately agreed to defer all discovery pending resolution of Defendant's Motion to Dismiss. ECF No. 50 at 2. Aside from the time that has passed, neither Party has been prejudiced by that delay. The Court believes the best course of action is to grant Plaintiff leave to file a Second Amended Complaint with the assistance of counsel. *See Torres v. Cornerstone Fitness TX, LLC*, No. 5:22-cv-01190-DAE, 2023 WL 11844983, at *3 (W.D. Tex. May 9, 2023) (allowing third and final opportunity for *pro se* litigant to plead ADA claim).

Considering the foregoing, the Court denies as **MOOT** Defendant's motion under 12(b)(4) and 12(b)(5) of Federal Rule of Civil Procedure, without prejudice to refiling after Plaintiff files a Second Amended Complaint.

## IV.   RECOMMENDATION

For the above reasons, it is the **RECOMMENDATION** of the United States Magistrate Judge to the United States District Judge that Defendant's Rule 12(b)(6) Motion to Dismiss be **GRANTED** and Plaintiff's Amended Complaint be **DISMISSED WITHOUT PREJUDICE** to Plaintiff having one final opportunity to amend her Complaint. If Plaintiff does not file a Second Amended Complaint within fourteen (14) days of the date of any Order adopting this Report & Recommendation, the dismissal should be changed to one with prejudice. All remaining requested relief should be **DENIED AS MOOT**, without prejudice to refiling after Plaintiff files a Second Amended Complaint.

## V.   OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1428–29.

**SIGNED** this 16th day of August, 2024.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE